# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

CHRISTOPHER LYNN PROCTOR

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 11-20371

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is a 24 year old unemployed single father of one who lives with his grandparents in their home in the city of Detroit on Parkside. He has no employment history whatsoever other than a "brief" stint working at MacDonald's in 2008. He has no assets and his only liabilities are his $150/month child support payments and his cell phone.

CONTINUE TO PAGE 2

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 21, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

He began regularly smoking marijuana at age 17 and last smoked the day of his arrest. He has a tatoo on his arm that reads "SMG Forever" (Seven Mile Gangsters Forever?).

The instant federal indictment charging Possession of a Firearm - Obliterated Serial Number, stems from a May 6, 2011 incident where Defendant is also charged in state court with: Assault with Intent to Murder; Assault with Intent to Rob While Armed; Carjacking; Carrying a Concealed Weapon; and Felony Firearm. The alleged facts surrounding that incident are that Defendant, on May 6, 2011 was at a gas station on Michigan Avenue at 3:30 a.m. and with his handgun out approached a man who was pumping gas into his car. The victim announced to defendant that he was a Detroit Police Officer (off duty) and attempted to disarm the defendant. Unfazed, Defendant proceeded to shoot the officer with his Colt 911 .45 calibre handgun (serial number drilled off, suggesting that this gun had been used in the commission of a crime) hitting the officer four times. The fifth shot fired by defendant hit the police officer's holster and was deflected. It is alleged that there are eyewitnesses who will testify to these facts and that there were other people with the defendant.

Following the incident Defendant's residence on Parkside was searched. DPD first spoke to Defendant's grandmother who answered the door. She in turn sent someone upstairs directing them to tell her grandson, the defendant, that the police were in the house and that he needed to get dressed and come down to speak with them. After more than 10 minutes passed, Defendant had still not come down. DPD officers who had surrounded the house found him on a second story balcony looking around and assessing the situation. It appeared as if he were attempting to flee. Defendant was detained upstairs on the second floor.

Three weapons were found in the house: a Mossberg 12 guage shotgun belonging to his grandfather, a Glocke handgun, also belonging to his grandfather, and an assault rifle found in the bedroom occupied by the defendant, along with his driver's license and ammo (45 calibre) matching the casings found at the gas station where the shooting occurred, which did not belong to the grandparents and which they knew nothing about.

Defendant's criminal history is disturbing in that it has been ongoing with serial incidents and events on an annual basis since his youth. He has had multiple arrests, and although not all of them resulted in convictions, they all involve drugs and/or violence.

In **2006** he was arrested for Obstructing Justice, warrant requested. On October 23, 2006 Defendant was charged with Felony Weapons, and pled guilty to CCW on 10/31/06 and was sentenced under the Youthful Trainee Program. He violated his supervision and was show caused.

In **2007** Defendant was charged with Felony Dangerous Drugs, was found guilty of Misdemeanor Use of Marijuana and was sentenced to two years probation. On June 23, 2008 a warrant was issued for his violation of probation and he was arraigned on the violation.

In August **2008** Defendant was charged with Misdemeanor Obstructing Judiciary, and a warrant was requested.

In June **2009** Defendant was charged with Felony Homicide and on January 16, 2010 he was found not guilty of Homicide-Murder 2st Degree Premeditated, Assault with Intent to Murder (3 counts), Carrying a Concealed Weapon, and Felony Firearm.

In February, **2010** Defendant was charged with Misdemeanor Assault and a warrant was requested.

On January 15, **2011** Defendant was charged with Misdemeanor Larceny, MSP Gaming, Greektown, and a warrant was requested.

Then on **May 6, 2011** Defendant was charged in state court with Assault With Intent to Murder, Assault with Intent to Rob While Armed, Carjacking, Carrying a Concealed Weapon, and Felony Firearm, charges very similar to those he faced in 2009. The instant federal indictment charging Possession of a Firearm – Obliterated Serial Number, stems from that same incident, as described above. He is out on a $250,000 cash bond put up by his grandmother on the state charges.

Defendant has three outstanding Failure to Appear warrants on outstanding criminal charges. He also failed to come down to face the police officers when they came to his home, and instead was found outside on a balcony contemplating his next move, knowing that the police were both inside and outside of the premises. This Court has serious questions about whether he would appear for his scheduled court hearings. Defendant also has a history of violating probation, which argues in favor of his non-compliant behaviors under supervision.

The pending state charges allege crimes of an extremely violent nature, and his prior criminal history reflects that he has faced similar charges in the past. Defendant allegedly shot the police officer four times after the police officer announced who he was. The fifth shot failed to penetrate, but any of the shots fired could have caused death. There is ample evidence of the crime alleged, including eye witnesses, casings found at the scene which match the weapon used, DNA evidence, and a surveillance video from the gas station.

Defendant is facing a life sentence on all four counts in the state court. Third party custody to the grandparents is not deemed to be appropriate under these facts.

Defendant is deemed to be both a risk of flight by a preponderance of the evidence and a danger to the community by clear and convincing evidence. There is no condition or combination of conditions that would assure his appearance in this court or the safety of the community. Detention is Ordered.